IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEROY J. NELSON,

    Petitioner,

    v.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-0730
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Preliminarily, Petitioner has filed an *Affidavit of Indigence* and requests to proceed *in forma pauperis*. Upon consideration, the Court finds that Petitioner's motion is meritorious, and it is therefore **GRANTED**.

**IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### Facts and Procedural History

Petitioner challenges his conviction pursuant to his no contest plea in the Muskingum County Court of Common Pleas on possession of cocaine. The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

On June 3, 2015, the Muskingum County Grand Jury indicted appellant, Leroy Nelson, on two counts of possession of drugs (cocaine and heroin) in violation of R.C. 2925.11. The indictment also contained a major drug offender specification under R.C. 2941.1410 and a forfeiture specification under R.C. 2941.1417. The heroin count was subsequently dismissed. Said charges arose from a drug trafficking investigation involving a Wesley Newman. Law enforcement officers obtained a warrant and placed a GPS device on an orange pick-up truck that Mr. Newman was known to operate. They then set up a controlled drug buy, and monitored the movements of the vehicle via the GSP system. At some point, officers stopped the vehicle and found appellant operating the vehicle, carrying cocaine on his person and inside the vehicle.

On July 28, 2015, appellant filed a motion to suppress, claiming an illegal stop and improper Miranda warnings. A hearing was held on August 10, 2015. The trial court denied the motion.

On August 20, 2015, appellant pled no contest to the remaining charge and the specifications. By entry filed August 25, 2015, the trial court found appellant guilty and ordered a presentence investigation.

On October 5, 2015, appellant appeared for sentencing and moved to withdraw his plea. A hearing on the motion was held on October 14, 2015. By entry filed October 15, 2015, the trial court denied the motion and sentenced appellant to eleven years in prison.

Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

"APPELLANT'S RIGHTS TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE STATE AND FEDERAL CONSTITUTIONS WERE VIOLATED BY THE DENIAL OF THE MOTION TO SUPPRESS THE WARRANTLESS SEARCH OF THE VEHICLE THAT APPELLANT WAS DRIVING."

II

"APPELLANT'S RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS, CRIM.R. 11, WERE VIOLATED

BY THE TRIAL COURT'S FAILURE TO ENGAGE APPELLANT IN AN ADEQUATE PLEA COLLOQUY."

III

"THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S PRESENTENCE MOTION TO WITHDRAW HIS PLEA."

*State v. Nelson*, 2016 WL 1734191, at *1 (Ohio App. 5th Dist. May 2, 2016). On May 2, 2016, the appellate court affirmed the judgment of the trial court. Petitioner did not file a timely appeal with the Ohio Supreme Court. On August 31, 2016, the Ohio Supreme Court denied his motion for a delayed appeal. *State v. Nelson*, 146 Ohio St.3d 1489 (Ohio 2016).

On August 18, 2017, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed a "supplemental" petitioner on October 19, 2017. He asserts that he was convicted in violation of the Fourth Amendment (claim one); that the trial court violated Rule 11 of the Ohio Rules of Criminal Procedure by failing to conduct an adequate plea colloquy (claim two); and that the trial court abused its discretion by denying his motion to withdraw his plea (claim three).

Petitioner raised these same claims on direct appeal. However, he has procedurally defaulted all of the claims he now presents for federal habeas corpus relief, because he failed to file a timely appeal to the Ohio Supreme Court. Moreover, a federal district court may *sua sponte* raise the issue of procedural default where it provides the Petitioner with an opportunity to respond by the filing of objections. *See Tolliver v. Sheets*, 530 F. Supp. 2d 957, 962 (S.D. Ohio 2008) (citing *Foti v. Bobby*, No. 1:05-cv-1019, 2007 WL 1577785 (N.D. Ohio May 31, 2007) (citing *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005); *Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002)).

3

## Procedural Default

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id*.; *Anderson v. Harless*, 459 U.S. 4, 6 (1982 (*per curiam* ) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...." *Coleman* v. *Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and

the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in

a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

As discussed, Petitioner properly raised his claims on direct appeal; however, he failed to file a timely appeal of the appellate court's decision to the Ohio Supreme Court, and the Ohio Supreme Court denied his motion for a delayed appeal. Petitioner therefore has procedurally defaulted his claims. *See Rhodes v. Warden, Ross Correctional Institution*, No. 2:16-cv-0074, 2017 WL 1295480, at *4 (S.D. Ohio April 7, 2017) (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)); *Stone v. Ohio*, No. 16-3126, 2017 WL 3594953, at *2 (6th Cir. April 19, 2017) ("The Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is an adequate and independent state-law ground barring federal habeas review[.]") (citing *Bonilla v. Hurley*, 370 F.3d at 496-97). Further, Petitioner has failed to establish cause for his procedural default. Moreover, the record does not indicate that Petitioner can establish that he is actually innocent so as to permit a merits review of this claim. *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).

Additionally, Petitioner cannot obtain habeas corpus relief based on the alleged violation of the Fourth Amendment, so long as he had an opportunity to present the claim to the state courts. *See Davis v. Morgan*, No. 2:15-cv-00613, 2016 WL 6493420, at *9 (S.D. Ohio Nov. 2, 2016) (citing *Stone v. Powell*, 428 U.S. 465, 482 (1976); *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (opportunity for full and fair litigation of a Fourth Amendment claim exists where the state procedural mechanism presents an opportunity to raise the claim, and presentation of the claim was not frustrated by a failure of that mechanism.) Such appear to be the circumstances here.

> One, the key purpose of federal habeas corpus is to free innocent prisoners. But whether an investigation violated the Fourth Amendment has no bearing on whether the defendant is guilty. [*Stone v. Powell*], at 490, 96 S.Ct. 3037. Two, exclusion is a

6

> prudential deterrent prescribed by the courts, not a personal right guaranteed by the Constitution. Any deterrence produced by an additional layer of habeas review is small, but the cost of undoing final convictions is great. *Id*. at 493, 96 S.Ct. 3037.

*Good v. Berghuis,* 729 F.3d 636, 637 (6thCir. 2013).

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS t**hat this action be **DISMISSED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

    *s/ Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge