# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LEROY J. NELSON,

    Petitioner,

v.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-0730
CHIEF JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On October 20, 2017, the Magistrate Judge issued a *Report and Recommendation* pursuant to rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this petition for a writ of habeas corpus be dismissed. (ECF No. 3.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 4) is **OVERRULED**. The *Report and Recommendation* (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner pleaded no contest to the charge of possession of cocaine in the Muskingum County Court of Common Pleas. However, he asserts that this conviction violates the Fourth Amendment; that the trial court failed to conduct an adequate plea colloquy; and that the trial court improperly denied his motion to withdraw his plea. Petitioner failed to file a timely appeal to the Ohio Supreme Court. The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted, as the Ohio Supreme Court denied his motion for a delayed appeal.

Petitioner objects to the recommendation of the Magistrate Judge. Petitioner states that he could not timely appeal because he is not experienced with the Ohio rules of criminal law or appellate procedure. He obtained assistance from a law clerk at the prison's law library, but that individual was placed in segregation with Petitioner's legal papers, which he had to obtain from the Clerk of the Muskingum County Court of Common Pleas.

As discussed by the Magistrate Judge, plainly, Petitioner committed a procedural default by failing to file a timely appeal to the Ohio Supreme Court. *See Stone v. Ohio*, No. 16-3126, 2017 WL 3594953, at *2 (6th Cir. April 19, 2017) ("The Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is an adequate and independent state-law ground barring federal habeas review[.]") (citing *Bonilla v. Hurley*, 370 F.3d 494, 496-97 (6th Cir. 2004)). However, Petitioner may nonetheless still secure review of the merits of his claims if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges. "[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). Courts have repeatedly held that a prisoner's *pro se* incarcerated status, limited access to the prison law library, or ignorance of the law and state procedural requirements do not constitute cause sufficient to excuse a procedural default. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)); *Crosby v. Warden, London Correctional Facility*, No. 1:12-cv-523, 2013 WL 5963136, at *5 n.2 (S.D. Ohio Nov. 7, 2013). Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). Petitioner has failed to meet this burden here. He does not allege, and the

record fails to demonstrate, that any objective factor, external to himself, prevented him from timely filing an appeal with the Ohio Supreme Court. The fact that an inmate law clerk was assisting him does not relieve him of the personal responsibility of complying with the law. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

For these reasons and for the reasons set forth in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 4) is **OVERRULED**. The *Report and Recommendation* (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —— U.S. ——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the

3

denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as procedurally defaulted. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

                                       11-16-2017
                                  EDMUND A. SARGUS, JR.
                                  Chief United States District Judge